

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,818

### EX PARTE GUY STEPHEN ALEXANDER

## ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
## NO. 532255-C IN THE 338TH JUDICIAL DISTRICT COURT
## HARRIS COUNTY

*Per Curiam*.

### O P I N I O N

In August 1989, a jury convicted applicant of the offense of capital murder. The jury

answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article

37.071, and the trial court, accordingly, set punishment at death. This Court affirmed

applicant's conviction and sentence on direct appeal. *Alexander v. State*, No. AP-70,941

(Tex. Crim. App., April 14, 1993). On January 16, 2001, applicant filed his initial

application for a writ of habeas corpus pursuant to Article 11.071. We denied relief. *Ex*

*parte Alexander*, No. WR-57,156-01 (Tex. Crim. App., Nov. 5, 2003).

In a single allegation in this subsequent application, applicant alleged that he is entitled to relief from his death sentence because he presented significant mitigating evidence related to his moral culpability and the appropriateness of a death sentence that could not have been given full effect by the sentencing jury. *See Penry v. Johnson*, 532 U.S. 782 (2001). In an order dated June 16, 2010, this Court remanded the application to the habeas court for consideration of the merits of applicant's claim. *Ex parte Alexander*, No. WR-57,156-02 (Tex. Crim. App., June 16, 2010). The habeas court subsequently entered findings of fact and conclusions of law.

Reviewing the case after remand, the record shows that the mitigating evidence presented by applicant is the sort of evidence that the United States Supreme Court has said is not encompassed within the previous statutory special issues. *See Abdul-Kabir v. Quarterman*, 550 U.S. 233 (2007); *Brewer v. Quarterman*, 550 U.S. 286 (2007); *Smith v. Texas*, 550 U.S. 297 (2007). Applicant presented mitigating evidence at the punishment phase of trial tending to establish that: he had limited intellectual ability; he had physical abnormalities, including unusual gait and injuries to his arms that were sustained during birth and left untreated that caused him to receive negative attention; he attended special education classes for emotionally disturbed children and manifested symptoms of severe emotional disorder as a child but did not receive treatment; and had a long history of drug abuse that began at age 13.

The habeas court stated that applicant "is entitled to relief because the mitigating

value of his evidence, including significant evidence of mental impairments, severe drug abuse and addiction, and a troubled childhood, fell outside the scope of the special issues." The habeas court concluded that the former statutory special issues did not provide applicant's jury with an adequate mechanism for exercising its reasoned moral judgment concerning whether applicant's mitigating evidence warranted the imposition of a life sentence rather than the penalty of death. Based on the forgoing, the habeas court recommended that this Court vacate the punishment portion of the trial court's judgment and remand the case for a new punishment hearing.

This Court has reviewed the record with respect to the allegation made by applicant. Based on the habeas court's findings and conclusions and our own review, and because the mitigating evidence presented at applicant's trial is the type of evidence for which he was entitled to a separate vehicle for consideration, relief is granted. We vacate applicant's sentence and remand the case to the trial court for a new punishment hearing.

Delivered: June 13, 2012

Do Not Publish